

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEAN M. TORIUMI, | ) |
| Plaintiff, | ) |
| | ) 06 C 1720 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| THE RITZ-CARLTON HOTEL COMPANY, L.L.C., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Dean Toriumi has sued the Ritz-Carlton Hotel Company, L.L.C. alleging that he was injured by an electrical shock he sustained while staying in one of its hotels. Defendant has moved pursuant to 28 U.S.C. § ("section") 1404(a) to transfer this case to the U.S. District Court for the Eastern District of Michigan. For the reasons set forth below, the motion is granted.

## Discussion

Section 1404(a) states, "[f]or the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate under this section when: "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will foster the convenience of the parties and witnesses and will promote the interest of justice." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000). The moving party has the burden of demonstrating that "the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The parties agree that jurisdiction and venue are proper both here and in the Eastern District of Michigan. Thus, we will address only the last factor, the convenience of the parties and the witnesses and the interests of justice. To evaluate this factor, we must examine various public and private interests. *Saunders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). The private interests include: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998). The public interests include: "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue." *Id.* at 777.

## Plaintiff's Forum Choice & Situs of Material Events

Generally, plaintiff's choice of forum is given significant weight, especially if plaintiff resides there. *Id.* at 774-75. If, however, the chosen forum has little connection to the cause of action, plaintiff's choice is given less deference. *Id.* at 775.

Such is the case here. Plaintiff chose to sue in Illinois, but the state has little connection to the suit. Plaintiff was injured in defendant's Michigan hotel, defendant's negligence, if any, occurred in Michigan, and the parties' relationship is centered there. Thus, Michigan is the situs of material events. *Cf. Miller v. Long-Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990) (stating, in the choice-of-law context, that court considers "the place where the injury occurred; the place where the conduct causing the injury occurred; the parties' domiciles, residences, places of incorporation, and places of business; and the place where the parties' relationship, if any, is centered" to determine which state has the most significant relationship to a tort case). Because the situs of material events

2

is Michigan, plaintiff's forum choice receives much less deference. Taken together, these two factors militate against transfer, but only slightly.

## Relative Ease of Access to Sources of Proof

Defendant argues that this case should be moved to Michigan because the hotel, the electrical plug that allegedly caused plaintiff's injury, and its records pertaining to the incident are in Michigan. Plaintiff says the case should stay in Illinois because the plug can easily be shipped here, a site visit to the hotel will be unnecessary, and the records pertaining to his medical treatment are here.

The location of the parties' records matters little. Neither party contends that the relevant documents are too voluminous to be feasibly shipped to another jurisdiction. As a result, the fact that plaintiff's records are in Illinois and defendant's records are in Michigan has no impact on the analysis. *See Stanley v. Marion*, No. 04 C 514, 2004 WL 1611074, at *3 (N.D. Ill. July 16, 2004) (stating that access to proof factor is neutral when documents are easily transferable).

The last considerations, access to the accident site and the source of plaintiff's alleged injury, are more weighty. Plaintiff says he was injured by a plug that can be removed from the hotel room, obviating the need for a site visit, and easily shipped to Illinois. At this point, however, the source of plaintiff's injury is a matter of conjecture. It may be, as plaintiff says, that the plug is the culprit. Or it may be that the wiring in the hotel room or something else entirely is to blame. Thus, it is quite possible that the source of plaintiff's injury cannot be transported to Illinois and/or a site visit will be required. Accordingly, the access to evidence factor militates in favor of transfer.

3

**Convenience of the Witnesses**

When evaluating this factor, the Court must examine "the nature and quality" of each proposed witness' testimony, not just the number of witnesses each party intends to call. *Id.* The Court must also consider whether the witnesses are likely to appear voluntarily, whether they will be subject to compulsory process, and whether they are experts, whose attendance is controlled by the party who hired them. *Id.*; *Karrels v. Adolph Coors Co.*, 699 F. Supp. 172, 176 (N.D. Ill. 1988).

Defendant identifies as witnesses: (1) Dr. Gonzales, plaintiff's treating physician and an Illinois resident; (2) four of its current employees, who are Michigan residents; and (3) one former employee, whose current whereabouts are unknown. Dr. Gonzales cannot be compelled to appear in Michigan, *see* Fed. R. Civ. P. 45, but because he is a colleague of plaintiff's, he may do so voluntarily. The four Michigan residents, who are expected to testify about their knowledge of the incident or defendant's policies with respect to building maintenance, cannot be compelled to appear in Illinois. *Id.* But, as long as they remain in defendant's employ, it can likely induce them to appear here voluntarily. *See Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at * 2 (N.D. Ill. Mar. 22, 2004) (stating that "courts generally assign little weight to the location of employee witnesses, as they are under the control of the parties themselves"). In short, the record does not disclose which of defendant's witnesses, if any, will be inconvenienced if the case remains in Illinois.

Plaintiff's evidence is no better. He specifically identifies only two witnesses, Drs. Gonzales and Vern, whom he plans to call at trial. He does not, however, specify the substance of their expected testimony, indicate whether they will be called as fact or expert witnesses, state where Dr. Vern resides or say whether either doctor will voluntarily appear in Michigan. Thus, it is also not

4

clear whether or the extent to which plaintiff's expected witnesses will be inconvenienced by a transfer.

On this record, the Court cannot say that litigating in Michigan will clearly be more convenient for the witnesses. But the sparse and equivocal evidence on this factor, which is usually the most important private interest, *Hanley*, 6 F. Supp. 2d at 775, precludes us from giving it great weight. Thus, the convenience of the witnesses militates against transfer, but only slightly.

### Convenience of the Parties

The convenience-of-the-parties factor concerns the parties' "respective residences and their ability to bear the expenses of litigating in a particular forum." *Id.* at 776. Plaintiff contends that the defendant-corporation is better able to bear the expense of litigating in a foreign jurisdiction than he is. However, plaintiff, who is a plastic surgeon, does not say that he lacks the resources to litigate his case in Michigan. Because neither party contends that they cannot afford to litigate in a foreign jurisdiction, this factor is neutral.

### Speed to Trial

This case will progress at roughly the same pace, regardless of its location. If the case goes to trial, it will do so five months earlier in Michigan. *See* Federal Court Management Statistics 2005, http://www.uscourts.gov/cgi-bin/cmsd2005.pl (last visited Oct. 11, 2006). If it is resolved in another manner, that disposition will occur three months earlier here. *Id.* In either event, the differences are not significant enough to tip the balance in either direction.

### Familiarity with Applicable Law

A district court sitting in diversity must apply the choice-of-law principles of its forum state to determine which law governs the case. *Miller*, 914 at 977-78. Illinois uses the "most significant relationship" test to determine the choice of law for a tort case. *Id.* at 978. To determine which state has the most significant relationship to this dispute, we consider: "the place where the injury occurred; the place where the conduct causing the injury occurred; the parties' domiciles, residences, places of incorporation, and places of business; and the place where the parties' relationship, if any, is centered." *Id.* The alleged injury and injury-causing conduct occurred in Michigan, and the parties' relationship is centered there. Therefore, Michigan has a more significant relationship to this case than does Illinois, and its law applies.

Though tort law is not extraordinarily complex, a Michigan court will have more familiarity with Michigan tort law than would this Court. Because "a diversity case should be decided by the court most familiar with the applicable state law," *Karrels*, 699 F. Supp. at 178, the choice-of-law factor weighs in favor of transfer.

### Community Interest & Desirability of Resolving Dispute in Its Locale

"Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). Because this case arises from events that took place in Michigan, is controlled by Michigan law, and implicates witnesses and evidence that are located there, Michigan has a great interest in having it litigated there. Certainly, Illinois has an interest in providing its residents with a forum for redressing their injuries, but given its marginal relationship to this case, Illinois' interest is subordinate to that of Michigan. The community interest factor, therefore, weighs in favor of transfer.

On balance, the private and public interest factors favor transferring this case to Michigan. Michigan is the situs of material events and the home state of most of the witnesses, the physical evidence is located there and its law, with which a Michigan court will be far more familiar, governs this case. Plaintiff does not say that he is unable to litigate in Michigan or that the two doctor-witnesses he identifies are unpaid fact witnesses who will not voluntarily appear there. The case will progress at roughly the same pace in either court and, because the accident occurred there, Michigan has a greater interest than Illinois in resolving this case. Defendant's motion to transfer is, therefore, granted.

## Conclusion

For all of the reasons stated above, the defendant's motion to transfer venue [doc. no. 14] is granted. The Clerk of the Court is ordered to transfer this case to the Eastern District of Michigan.

**SO ORDERED.**                **ENTERED:** 10/27/06

HON. RONALD A. GUZMAN
**United States District Judge**

7